IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| HAROLD B. MASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-223 (LAG) |
| | : | |
| THE COMPASS GROUP, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is *pro se* Plaintiff Harold B. Mason's Amended Complaint (Doc. 4), Motion to Compel (Doc. 5), Motion to Consolidate (Doc. 6), Motion to Vacate (Doc. 7), and Motions for Summary Judgment (Docs. 8, 9, 12). For the reasons below, Plaintiff's Amended Complaint is **DISMISSED without prejudice**. Plaintiff's Motion to Compel, Motion to Consolidate, Motion to Vacate, and Motions for Summary Judgment are **DENIED as moot**.

## BACKGROUND

On December 20, 2023, Plaintiff filed a Complaint and a Motion for Leave to Proceed *in forma pauperis* (IFP). (Docs. 1–2). On February 28, 2024, the Court granted Plaintiff's Motion for Leave to Proceed IFP and granted Plaintiff leave to amend the Complaint. (Doc. 3). On March 26, 2024, Plaintiff timely filed an Amended Complaint. (Doc. 4). On May 17, 2024, Plaintiff filed a Motion to Compel. (Doc. 5). On June 27, 2024, Plaintiff filed a Motion to Consolidate (Doc. 6), and on August 23, 2024, Plaintiff filed a Motion to Vacate the Motion to Consolidate (Doc. 7). Plaintiff filed three Motions for Summary Judgment on October 9, 2024, October 11, 2024, and November 18, 2024, respectively. (Docs. 8, 9, 12).

**LEGAL STANDARD**

The Court reviews the Amended Complaint pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), an action brought *in forma pauperis* shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it "has little or no chance of success[,]" *i.e.*, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations and internal quotation marks omitted). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jacobs v. Biando*, 592 F. App'x 838, 840 (11th Cir. 2014) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted). "Even if the complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified. For example, if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990).

Generally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt

2

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citation omitted)). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 970 n.1 (11th Cir. 2015) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

## DISCUSSION

Plaintiff's Amended Complaint alleges (1) "hostile work environment and failure to protect" under 42 U.S.C. § 1991; (2) wrongful termination under 42 U.S.C. § 1991; and (3) conspiracy under 42 U.S.C. § 1985. (Doc. 4 at 4).[1] Although Plaintiff lists age, religion, race, and gender as the bases of his claims, the allegations touch only upon Plaintiff's age and, possibly, religion. (*Id.* at 2–5). Plaintiff's Amended Complaint does not state any facts related to race or gender discrimination. (*See id.*). Rather, Plaintiff only mentions race and gender as it relates to "his membership in those protected groups" under "Claim 1." (*Id.* at 4). Plaintiff's factual allegations include that he is a member of a religious group African Methodist Episcopal Zion (AME Zion)/Christian Methodist Episcopal (CME), that he was "harassed maliciously by age and religious practices," that jokes were made about him being "older and having a slow walk," that when Plaintiff went to the chapel other employees would state that he was "hiding[,]" and that employees said that he was sleeping when he was meditating or in prayer. (*Id.* at 2–5). As explained below, the Amended Complaint does not allege sufficient facts to support the elements of his claims.

## I.      Procedural Requirements under Title VII and ADEA

---

[1]      Plaintiff cites to 42 U.S.C. § 1991. However, that statute sets the fees for individuals appointed to execute process in certain criminal cases. Section 1991 does not concern the deprivation of civil rights. Even assuming Plaintiff meant to cite to 42 U.S.C. § 1981, Plaintiff does not state a claim upon which relief can be granted because he does not allege any facts that he was discriminated against because of his race. (*See* Doc. 4). Thus, giving Plaintiff the benefit of the doubt, the Court will review the claims as being brought pursuant to the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII).

3

"Before bringing suit under Title VII [or the ADEA,] an aggrieved employee must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice." *Miller v. Alli*, No. 22-12729, 2023 WL 7923888, at *2 (11th Cir. Nov. 16, 2023) (per curiam) (citing 42 U.S.C. § 2000e-5(e)) (Title VII); *Reed v. Winn-Dixie, Inc.*, 677 F. App'x 607, 609–10 (11th Cir. 2017) (citing 29 U.S.C. § 626(d)(1)) (ADEA). Plaintiff must file suit within 90 days of receipt of the Right to Sue letter. *Hubbard v. Best In Town Inc.*, No. 23-12194, 2023 WL 8269979, at *2 (11th Cir. Nov. 30, 2023) (per curiam) ("For Title VII actions, a plaintiff must file suit within 90 days after receipt of a right-to-sue letter." (citing 42 U.S.C. § 2000e-5(f)(1))). When reviewing the initial Complaint, the Court explained that it was not sufficient for Plaintiff to assert that he filed a charge with the EEOC in 2022 and received a Notice of Right to Sue letter in 2023. (Doc. 3 at 4; *see* Doc. 1 at 5). Now, Plaintiff states that the alleged unlawful employment practice began "on or around September 15, 2022" and that he filed "the matter with the Office of Equal Employment office . . . on February 23, 2023." (Doc. 4 at 2). Accepting this as true, Plaintiff timely filed the EEOC charge within 180 days of the alleged discriminatory act. Plaintiff attaches the Right to Sue letter, dated September 22, 2023. (Doc. 4-5). Thus, Plaintiff timely filed the Complaint within the 90 days of receipt of the Right to Sue letter on December 20, 2023. (Doc. 1).

I.      **ADEA Age Discrimination Claim**

The ADEA prohibits employers from discriminating against an employee on the basis of age and applies to "individuals who are at least 40 years of age." 29 U.S.C. §§ 623(a)(1), 631(a). To state a claim for the violation of the ADEA, Plaintiff must allege facts showing that: (1) he is a member of a protected age group; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (4) he was replaced by a younger individual. *See Chapman v. Al Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). "An age discrimination claim under the ADEA . . . requires that age be the but-for cause of the termination." *Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 774–75 (11th Cir. 2013) (per curiam) ("[W]e affirm the district court's dismissal of [Plaintiff's] age discrimination claim" because "[Plaintiff] did not allege sufficient facts to allow [the court] to reasonably

infer that [Defendants] violated the but-for standard set forth in the ADEA."); *see also Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). "A plaintiff pursuing a claim under [the ADEA] can establish [his] employer's discrimination with either direct or circumstantial evidence." *Castillo v. Allegro Resort Marketing*, 603 F. App'x 913, 916 (11th Cir. 2015) (per curiam) (citing *Van Voorhis v. Hillsborough Cnty. Bd. Of Cnty. Comm'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008)). "[A] plaintiff asserting discrimination under ADEA or Title VII need not allege specific facts establishing a prima facie case of the employer's liability." *Id.* at 917 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). Rather, in order to give defendant "fair notice of what [plaintiff's] claims are and the grounds upon which they rest[,]" the complaint must "detail[] the events leading to his termination, provide[] relevant dates, and include the ages . . . of at least some of the relevant persons involved with his termination." *Swierkiewicz*, 534 U.S. at 514.

Here, Plaintiff sufficiently has alleged that he is a member of a protected age group, that he was subject to an adverse employment action, and that he was qualified for the job. Plaintiff, as a 56-year-old, is a member of a protected class. (Doc. 4 at 5). Plaintiff alleges that he is "qualified in [a] . . . construction background[,]" and describes some of his previous job responsibilities that would make him arguably qualified for the position from which he was terminated. (*Id.*). Plaintiff also alleges that his employment was terminated on August 12, 2022. (*Id.*). Plaintiff, however, fails to allege facts sufficient to raise a plausible inference that he was replaced by a younger person or that age was the but-for cause of his termination. *See Smith*, 521 F. App'x at 774–75. Plaintiff does not allege that he was replaced by a younger worker or even that a younger employee, who was similarly situated, was treated more favorably than Plaintiff. Though Plaintiff alleges that "DeBernard Ford, an employee of tenure was treated more favorably than Plaintiff," Plaintiff does not state DeBernard Ford's age, nor does he state the ways in which DeBernard Ford was treated more favorably. (Doc. 4 at 5). That Plaintiff subjectively believes that he was treated differently than similarly situated employees is insufficient to support an inference of disparate treatment. *See Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 710 (11th Cir. 2013) (per curiam) (finding that "plaintiffs failed to allege

a valid ADEA claim" and that the district court properly dismissed the plaintiffs' ADEA claim because "the amended complaint did not specifically allege the existence of a valid comparator or otherwise allege facts giving rise to an inference of disparate treatment"). Moreover, Plaintiff has failed to allege any facts demonstrating that his age played a role in Defendant's adverse employment decision. *See Chapman*, 229 F.3d at 1024 ("[T]he plaintiff's age must have actually played a role in the employer's decision[-]making process and had a determinative influence on the outcome." (internal citations omitted)). Accordingly, Plaintiff has failed to state a claim under the ADEA.

## II.     Title VII Religious Discrimination Claims

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1).

### A.  Hostile Work Environment Claim

"A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 295 (11th Cir. 2012) (per curiam) (internal citations and quotations omitted). To state a claim for hostile work environment, Plaintiff must allege facts that: "(1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) [the harassment] was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment[.]" *Edwards*, 602 F.3d at 1300. Plaintiff, who purports to be a member of the AME and CME denominations, is a member of a protected class. (Doc. 4 at 5). Plaintiff alleges that he was subject to unwelcome harassment by coworkers, namely "DeBernard Ford [and] Mary Williams[.]" (*See id.* at 3–6). Plaintiff makes the conclusory allegation that he was "harassed maliciously by age and religious practices" and that other employees stated that Plaintiff was "hiding" when he was in the chapel or sleeping when he was

6

meditating or praying. (*Id.* at 2–5). Assuming that these comments constitute harassment, they do not constitute harassment "severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment." *See Edwards*, 602 F.3d at 1300. Accordingly, Plaintiff has failed to state a claim that Defendants created a hostile work environment.

### B.  Wrongful Termination Claim

The relevant "disparate-treatment provision [of Title VII] forbids employers" from discharging any individual because of their religion. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 (2015). Here, Plaintiff alleges that his employment was terminated on August 12, 2022. (Doc. 4 at 5). Plaintiff further alleges that he is a member of the "African Methodist Episcopal Zion (A.M.E Zion)" and "Christian Methodist Episcopal (C.M.E)" denominations of the Christian faith. (*Id.*). Yet, Plaintiff has not stated anywhere in the Amended Complaint that his termination was "because of" his religion. Plaintiff claims that "DeBernard Ford would state [Plaintiff] was [a]sleep on break[,]" and that "[Mary Williams and DeBernard Ford] would state [Plaintiff] was hiding" when he was in the chapel praying or meditating. (*Id.* at 3, 6). Plaintiff appears to allege that he received write-ups—presumably for hiding or sleeping. Plaintiff does not allege that the write-ups were on the basis of or motivated by his religion. Accordingly, Plaintiff has failed to state a claim for wrongful termination.

## III.   Plaintiff's Conspiracy to Interfere with Civil Rights Claim

To the extent that Plaintiff is asserting a claim under 42 U.S.C. § 1985(3), the subdivision of Section 1985 seemingly at issue here, "[w]hen the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment." *Jimenez v. Wellstar Health System*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citations omitted). "[A] claim under § 1985(3) requires the proof of invidious discriminatory intent as well as the violation of a serious constitutional right." *Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1156 (11th Cir. 2009) (citation omitted). The Supreme Court has held rights protected under Title VII "insufficient to form the basis of a § 1985(3) action[] against private

conspirators." *Jimenez*, 596 F.3d at 1312 (citation omitted). Accordingly, Plaintiff has failed to state a claim for conspiracy to interfere.

**CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's Amended Complaint (Doc. 4) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Compel, Motion to Consolidate, Motion to Vacate, and Motions for Summary Judgment are **DENIED as moot**.

       **SO ORDERED**, this 28th day of February, 2025.

                      /s/ Leslie A. Gardner
                      **LESLIE A. GARDNER, CHIEF JUDGE**
                      **UNITED STATES DISTRICT COURT**