**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| HAROLD B. MASON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:23-CV-223 (LAG) |
| | : | |
| THE COMPASS GROUP, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court are *pro se* Plaintiff Harold B. Mason's Motion for Clarification (Doc. 21) and Motion to Submit Supporting Facts and Exhibits for Financial Recovery (Doc. 22). For the reasons below, Plaintiff's Motion for Clarification and Plaintiff's Motion to Submit Supporting Facts and Exhibits for Financial Recovery are **DENIED**.

## BACKGROUND

On December 20, 2023, Plaintiff filed a Complaint and a Motion for Leave to Proceed *in forma pauperis* (IFP). (Docs. 1–2). On February 28, 2024, the Court granted Plaintiff's Motion for Leave to Proceed IFP and granted Plaintiff leave to amend the Complaint. (Doc. 3). On March 26, 2024, Plaintiff timely filed an Amended Complaint. (Doc. 4). On May 17, 2024, Plaintiff filed a Motion to Compel. (Doc. 5). On June 27, 2024, Plaintiff filed a Motion to Consolidate (Doc. 6), and on August 23, 2024, Plaintiff filed a Motion to Vacate the Motion to Consolidate (Doc. 7). Plaintiff filed three Motions for Summary Judgment on October 9, 2024, October 11, 2024, and November 18, 2024, respectively. (Docs. 8, 9, 12). On February 28, 2025, the Court dismissed Plaintiff's Amended Complaint without prejudice, and denied as moot Plaintiff's Motion to Compel, Motion to Consolidate, Motion to Vacate, and Motions for Summary Judgment. (Doc. 15). The Court entered a judgment of dismissal on March 3, 2025. (Doc. 16). On March 19, 2025, Plaintiff filed a Motion for Financial Recovery (Doc. 17), and on March 31, 2025,

Plaintiff filed a Motion to Submit Supporting Facts and Exhibits for Financial Recovery (Doc. 18). As the Court had already entered its judgment of dismissal, the Court denied both March Motions as moot. (Docs. 19, 20). On April 4, 2025, Plaintiff filed a Motion for Clarification (Doc. 21) and a Motion to Submit Supporting Facts and Exhibits for Financial Recovery (Doc. 22). No response was filed to either motion. (*See* Docket). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.1, 7.6.

## DISCUSSION

The Court construes Plaintiff Motion for Clarification (Doc. 21) as a Motion for Reconsideration. Therein, Plaintiff seeks "[c]larification [of] the Order filed February 28, 2025[.]" (Doc. 21 at 1). Plaintiff's Motion is untimely.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "With the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), motions for reconsideration shall be filed within fourteen [] days after the entry of the order." *Id.* Federal Rule of Civil Procedure 59(e) provides that a party may file "[a] motion to alter or amend a judgment" within twenty-eight days after entry of the judgment. Under Local Rule 7.6, Plaintiff had until March 14, 2025 to file a motion for reconsideration. If Plaintiff intended for the Motion to be pursuant to Rule 59(e), he had until March 31, 2025. Plaintiff did not file the Motion until April 4, 2025. (*See* Docket). That Plaintiff contends that he did not receive the February 28, 2025 Order until April 2, 2025 is of no moment. (Doc. 21 at 3). Plaintiff is not a prisoner and the mailbox rule[1] does not apply.

## CONCLUSION

Accordingly, Plaintiff's Motion for Clarification (Doc. 21) and Plaintiff's Motion to Submit Supporting Facts and Exhibits for Financial Recovery (Doc. 22) are **DENIED.**

---

[1]     Under the "mailbox rule" the Court generally deems a prisoner document filed on the date the plaintiff delivers it to prison officials for mailing. *See, e.g., Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

**SO ORDERED**, this 26th day of February, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**